UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO.:

Quantisha Oneal
and other similarly situated individuals,

    Plaintiff(s),

v.

Protective Enterprises Public Safety, LLC,
and Marcus D. Williams, individually,

    Defendants,

_____/

## COLLECTIVE ACTION COMPLAINT
(OPT-IN PURSUANT TO 29 USC § 216(b))

Comes now the Plaintiff Quantisha Oneal, and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Protective Enterprises Public Safety, LLC and Marcus D. Williams, individually and alleges:

### Jurisdiction Venues and Parties

1. This is an action to recover money damages for unpaid regular wages and retaliation under the United States laws. Accordingly, this Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 USC § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff Quantisha Oneal is a resident of Duval County, Florida. Plaintiff is a covered employee for purposes of the Act.

3. Defendant Protective Enterprises Public Safety, LLC (from now on, Protective Enterprises, or Defendant) is a Florida for Profit Corporation, having a business in Duval County, Florida, where Plaintiff worked for Defendant.

4. Individual Defendant Marcus D. Williams is the owner/partner/and manager of Defendant Corporation Protective Enterprises. This individual Defendant is the Employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. All the actions raised in this complaint took place in Duval County, Florida, within this Court's jurisdiction.

## General Allegations

6. This cause of action is brought by Plaintiff Quantisha Oneal as a collective action to recover from the Defendant minimum wages, retaliatory damages, liquidated damages, costs, and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after

September 2020, (the "material time") without being adequately compensated.

7. Defendant Protective Enterprises is a for-profit organization dedicated to providing security and surveillance services to residential and commercial accounts. Defendant Protective Enterprises has offices located at 4305 Plymouth Street, Jacksonville, where Plaintiff worked.

8. Defendants Protective Enterprises employed Plaintiff Quantisha Oneal as a non-exempt dispatcher/security officer from September 09, 2020, to October 01, 2021, or 55 weeks. Plaintiff's regular rate was $12.00 an hour.

9. During her employment with Defendants, Plaintiff worked the night shift, 5 days per week from 12:00 AM to 8:00 AM (8 hours daily), or 40 hours weekly.

10. Every week Defendants deducted from Plaintiff's wages 2.5 working hours to cover lunch hours. As a result, plaintifff was paid for only 37.5 hours. However, during her employment with Defendants, Plaintiff was unable to take bonafide lunch periods.

11. Plaintiff is owed 2.5 regular hours that were improperly deducted from her wages during her entire period of employment.

12. Plaintiff did not clock in-and out, but Defendants were in complete control of Plaintiff's schedule, and they knew that Plaintiff was working a minimum of 40 hours without having lunch breaks.

13. Therefore, Defendant willfully failed to pay Plaintiff regular hours in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 206(a)(1).

14. Plaintiff was not in agreement with this deduction, and she complained to the owner of the business many times. After each complaint, Plaintiff suffered harassment in the workplace.

15. Plaintiff complained about the same issues for the last time on or about September 22, 2021, but her complaints changed nothing.

16. On or about October 01, 2021, Plaintiff left her employment after not receiving her paycheck for the week.

17. Plaintiff is not in possession of time and payment records, but she will provide a good faith estimate about her missing working hours and her last week of employment.

18. Plaintiff Quantisha Oneal seeks to recover regular wages for every lunch hour improperly deducted, her last payment check, retaliatory damages, liquidated damages, and any other relief as allowable by law.

## Collective Action Allegations

19. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

20. Plaintiff contends that Defendant, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated individuals the proper compensation for every regular and overtime hour as required by the FLSA.

21. This action is intended to include every dispatcher/security employee, and any similarly situated individuals who worked for Defendant at any time during the past three (3) years.

## COUNT I:
## FLSA WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS

22. Plaintiff Quantisha Oneal re-adopts every factual allegation as stated in paragraphs 1-21 of this complaint as if set out in full herein.

23. Plaintiff Quantisha Oneal brings this action to recover from the Employer Protective Enterprises unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 USC § 201 et seq., and specifically under the provisions of 29 USC §206.

24. Defendant Protective Enterprises was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) (1)(A). The Defendant provides security services and, through its business activity, affects interstate commerce. Defendant has more than two employees recurrently engaged in commerce or in the production of goods or services for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was always in excess of $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

25. Plaintiffs and those similarly situated were employed by an enterprise engaged in interstate commerce. Particularly, Plaintiff was a security employee, and through her daily activities, Plaintiff provided security services to enterprises engaged in interstate commerce. Therefore, there is FLSA individual coverage.

26. Defendant PROTECTIVE ENTERPRISES was and is subjected to the minimum wage provisions of the Fair Labor Standards Act (FLSA).

27. USC §206 states, "Every Employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for commerce or is employed in an enterprise engaged in commerce or

28. the production of goods for commerce, wages at the following rates:

    (1) except as otherwise provided in this section, not less than—

        (A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

        (B) $6.55 an hour, beginning 12 months after that 60th day; and

        (C) $7.25 an hour, beginning 24 months after that 60th day

29. Defendants Protective Enterprises employed Plaintiff Quantisha Oneal as a non-exempted dispatcher/security officer from September 09, 2020, to October 01, 2021, or 55 weeks. Plaintiff's regular rate was $12.00 an hour.

30. During her employment with Defendant, Plaintiff was assigned an official schedule. Plaintiff worked the night shift 5 days per week from 12:00 AM to 8:00 AM (8 hours daily). Or 40 hours weekly.

31. However, every week Defendants paid to Plaintiff only 37.5 hours. Defendant improperly deducted from Plaintiff's wages 2.5 hours corresponding to lunch hours. However, Plaintiff was not able to take bonafide lunch hours.

32. Plaintiff did not clock in and out, but Defendants were in complete control of Plaintiff's schedule, and they knew that Plaintiff was working a minimum of 40 hours without lunchtime.

33. Furthermore, Defendants failed to pay Plaintiff for her last week of work after she complained about lunch deductions.

34. Therefore, Defendant willfully failed to pay Plaintiff her regular wages in violation of the Fair Labor Standards Act.

35. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated, and the compensation paid to such employees should be in the possession and custody of Defendant. However, upon information and belief, Defendant did not maintain accurate time records of hours worked by Plaintiff and other employees. Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

36. Upon information and belief, Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Accordingly, Defendant violated the Posting requirements of 29 USC § 516.4.

37. Before the completion of discovery, and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's reasonable faith estimate of unpaid wages are as follows:

    * Florida's minimum wage for 2021 is $8.65, which is higher than the Federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

    a. <u>Total amount of alleged unpaid wages</u>:

       One Thousand Five Hundred Thirty-Five Dollars and 65/100 ($1,535.65)

    b. <u>Calculation of such wages</u>:

       Total weeks of employment: 55 weeks
       Total relevant week:  55 weeks
       Total hours worked:  40 hours weekly
       Total number of unpaid hours: 2.5 hours weekly
       Regular rate:  $12.00

       1.- FL min. wage $8.65 x 2.5 unpaid regular hours=$21.63 weekly
          $21.63 weekly x 55 weeks=$1,189.65

       2.- One-week unpaid regular wages
           FL min. wage $8.65 x 40 hours=$346.00

       Total #1 and #2=$1,535.65

    c. <u>Nature of wages:</u>

       This amount represents unpaid min. wages at Florida minimum wage rate.

38. Defendant Protective Enterprises unlawfully failed to pay Plaintiff minimum wages.

39. Defendant knew and showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly situated these minimum wages since the commencement of Plaintiff and those similarly situated employee's employment with Defendant as set forth above. Plaintiff and those similarly situated are entitled to recover double damages.

40. At times mentioned, individual Defendant Marcus D. Williams was the owner/partner, and he directed Protective Enterprises's operations. Defendants were the employers of Plaintiff and others similarly situated individuals within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in the interests of Protective Enterprises concerning its employees, including Plaintiff and others similarly situated. Defendant Marcus D. Williams had financial and operational control of the business and provided Plaintiff with her work schedule. He is jointly and severally liable for Plaintiff's damages.

41. Defendants Protective Enterprises and Marcus D. Williams willfully and intentionally refused to pay Plaintiff minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiff these minimum wages since the commencement of Plaintiff's employment with Defendant.

42. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorney's fees.

## Prayer for Relief

Wherefore, Plaintiff Quantisha Oneal and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff Quantisha Oneal and against the Defendants Protective Enterprises and Marcus D. Williams on the basis of Defendant's willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## Demand for a Jury Trial

Plaintiff Quantisha Oneal and those similarly situated demand trial by a jury of all issues triable as of right by a jury.

## COUNT II:
## FEDERAL STATUTORY VIOLATION: RETALIATORY CONSTRUCTIVE DISCHARGE; PURSUANT TO 29 USC 215(a)(3); AGAINST ALL DEFENDANTS

43. Plaintiff Quantisha Oneal re-adopts every factual allegation as stated in paragraphs 1-21 of this complaint as if set out in full herein.

44. Defendant Protective Enterprises was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r) and 203(s)(1)(A). Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce. Upon information and belief, the annual gross revenue of the Employer/Defendant was always material hereto more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

45. Plaintiffs and those similarly situated were employed by an enterprise engaged in interstate commerce. Particularly, Plaintiff was a security employee, and through her daily activities, Plaintiff provided security services to enterprises engaged in interstate commerce. Therefore, there is FLSA individual coverage.

46. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

47. 29 USC § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…"

48. 29 USC § 206 (a) (1) states "….an Employer must pay a minimum wage of $5.15/hr. to an employee who is engaged in commerce...." [29 U.S.C. § 206 (a) (1)].

49. Likewise, 29 USC 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......."

50. Defendants Protective Enterprises employed Plaintiff Quantisha Oneal as a non-exempt dispatcher/security officer from September 09, 2020, to October 01, 2021 or 55 weeks. Plaintiff's regular rate was $12.00 an hour.

51. During her employment with Defendants, Plaintiff worked the nigh shift, 5 days per week from 12:00 AM to 8:00 AM (8 hours daily), or 40 hours weekly.

52. However, Defendants paid Plaintiff only 37.5 hours. Defendants deducted from Plaintiff's wages 2.5 working hours to cover lunch hours., even though Plaintiff was unable to take bonafide lunch periods.

53. Defendants improperly deducted from Plaintiff's wages 2.5 working hours during her entire period of employment.

54. Plaintiff did not clock in-and out, but Defendants were in complete control of Plaintiff's schedule, and they knew that Plaintiff was working a minimum of 40 hours without having lunch breaks.

55. Therefore, Defendant willfully failed to pay Plaintiff regular hours in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 206(a)(1).

56. Plaintiff was not in agreement with this deductions, and she complained to the owner of the business many times. After each complaint, Plaintiff suffered harassment in the workplace.

57. Plaintiff complained to Marcus D. Williams about the same issues for the last time on or about September 22, 2021, but her complaints were ignored.

58. These complaints constituted protected activity under the FLSA.

59. However, as a direct result of Plaintiff's complaints, Plaintiff did not receive her paycheck the last week of October 2021.

60. Plaintiff was very disappointed with the harassment she was suffering, and she was forced to leave her employment.

61. On or about October 01, 2021, Plaintiff was forced to resign from her employment with Defendants because Defendants denied the payment of all her regular hours hours and she could not continue working overtime hours without adequate payment.

62. Thus, on or about October 01, 2021, Plaintiff was constructively discharged, because Defendants deliberately created unfair working conditions and harassed Plaintiff in such a way that any reasonable person could not accept, and she was forced to resign.

63. At all times during her employment, Plaintiff performed her work satisfactorily. There was no reason other than unlawful employment practices to constructively discharge Plaintiff.

64. At times mentioned, individual Defendant Marcus D. Williams was the owner/partner, and he directed Protective Enterprises' operations. Defendants were the employers of Plaintiff and others similarly situated individuals within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in the interests of Protective Enterprises concerning its employees, including Plaintiff and others similarly situated. Defendant Marcus D. Williams had

financial and operational control of the business and provided Plaintiff with her work schedule. He is jointly and severally liable for Plaintiff's damages.

65. There is close proximity between Plaintiff's protected activity and her constructive discharge.

66. The motivating factor which caused Plaintiff's constructive discharge as described above was her complaint seeking unpaid regular wages from Defendants. In other words, Plaintiff would not have been discharged but for her complaints about unpaid regular wages.

67. Defendant's termination of Plaintiff was in direct violation of 29 USC 215 (a)(3) and, as a direct result, Plaintiff has been damaged.

68. Plaintiff Quantisha Oneal has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorneys' fees.

## Prayer For Relief

Wherefore, Plaintiff Quantisha Oneal respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that the Defendants' acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendants Protective Enterprises and Marcus D. Williams that Plaintiff Quantisha Oneal recovers compensatory damages and an equal amount of liquidated damages as provided under the law and in 29 USC § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendants Protective Enterprises and Marcus D. Williams to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff Quantisha Oneal further prays for such additional relief as the interests of justice may require.

<u>Demand for a Jury Trial</u>

Plaintiff Quantisha Oneal demands trial by a jury of all issues triable as of right by a jury.

Dated:  January 4, 2022

          Respectfully submitted,

          By:  **/s/ Zandro E. Palma**
          ZANDRO E. PALMA, P.A.
          Florida Bar No.: 0024031
          9100 S. Dadeland Blvd.
          Suite 1500
          Miami, FL 33156
          Telephone:     (305) 446-1500
          Facsimile:      (305) 446-1502
          zep@thepalmalawgroup.com
          *Attorney for Plaintiff*