UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

QUANTISHA ONEAL,
and other similarly situated individuals,

       Plaintiff,

v.                              CASE NO. 3:22-cv-10-MMH-MCR

PROTECTIVE ENTERPRISES
PUBLIC SAFETY, LLC and
MARCUS D. WILLIAMS, individually,

       Defendants.
_____/

## **REPORT AND RECOMMENDATION**[1]

**THIS CAUSE** is before the Court on Defendants' Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 25). For the reasons stated herein, the undersigned recommends that the Motion be **GRANTED in PART and DENIED in PART**.

**I.    Background**

Plaintiff filed her Amended Complaint on March 29, 2023. (Doc. 24.)

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed.R.Civ.P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed.R.Civ.P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

The Amended Complaint features three causes of action. One cause of action is for failure to pay minimum wages under the Federal Labor Standard Act. (Doc. 24 at 5.) The other two counts are state-law claims for unpaid wages and breach of contract. (*Id.* at 11, 16.) In response to the Amended Complaint, Defendants moved to dismiss on April 26, 2023. (Doc. 25.) This Motion to Dismiss was referred to the undersigned on October 3, 2023. (Doc. 45.)

Relative to Plaintiff's First Count, Defendants claim that Plaintiff does not properly distinguish whether the FLSA claim is based on Defendants' failure to compensate her for unpaid lunch breaks or for Defendants' failure to pay her last paycheck. (*Id.* at 7.) Consequently, Defendants assert that Count I constitutes a shotgun pleading. (*Id.* at 7-8.) As to the remaining state-law claims, Defendants argue that the Court should not exercise supplemental jurisdiction over these claims. More specifically, Defendants contend that the statutory factors under 28 U.S.C. § 1367(c) weigh in favor of the Court declining to exercise jurisdiction over the state-law claims. (*Id.* at 9-10.) Defendants further contend that the Court should dismiss the state-law claims because they are duplicative of the federal law claim under the FLSA. (*Id.* at 10-11.)

In her Response to the Motion, Plaintiff posits arguments advocating that the Court deny the Motion on several grounds. With

regard to the Defendants' first raised issue, Plaintiff argues that she has sufficiently alleged her claims in Count I under the FLSA. Plaintiff specifically argues:

> Here, Plaintiff has alleged that she was an employee covered by the FLSA who worked for the Defendants, that Defendants failed to pay her minimum wages, and that Defendants were an enterprise engaged in interstate commerce. (Amended Complaint [D.E.#24], at ¶¶8, 24, 33, 34 and 38)[.] These allegations are sufficient to give Defendants "fair notice of what the ... claim is and the grounds upon which it rests," *Twombly*, 550 U.S. at 555, and thus are sufficiently pled. The Amended Complaint alleges that Plaintiff worked for the Defendants and was not compensated minimum wages for her last pay period. A "claim for relief for failure to pay minimum wages [or] to provide overtime compensation ... under [the] FLSA does not require more." *Labbe*, 319 Fed[.] App'x at 764.

(Doc. 31. at 8-9.)

In relation to Defendants' argument concerning the state-law claims, Plaintiff argues that factors weigh in favor of the Court exercising supplemental jurisdiction over her claims. On this issue, Plaintiff contends: 1) since "the Court has not dismissed Plaintiff's FLSA claims . . . , this is not a situation where only the state law claims remain pending before the Court," which weighs in favor of supplemental jurisdiction; 2) "the state law claims do not predominate over Plaintiff's FLSA claim"; 3) "the state law claims do not raise novel or complex state law issues"; and 4) "there is no exceptional circumstance here and no compelling reasons for the Court to decline to

3

exercise jurisdiction." (*Id.* at 10-12.)

Plaintiff further asserts that:

> [D]eclining supplemental jurisdiction is not in the interest of judicial economy or convenience of the parties, given that a separate lawsuit addressing Plaintiff's state law claims would have to be filed in State Court, when the issues have already been litigated in Federal Court. It would certainly cause the parties to unnecessarily re-litigate the same claims again and ultimately have inconsistent results at both trials. Moreover, here, it would be more efficient for all claims to be tried together.

(*Id.* at 12-13.)

Finally, Plaintiff claims that:

> [T]he state law claims are not the same as Plaintiff's federal claims and her state law claims are not preempted by the federal claims. As set forth herein, Plaintiff seeks to recover for unpaid compensable hours of work which otherwise could not be recovered under the FLSA.

(*Id.* at 13.)

## II. Supplemental Jurisdiction

### A. Legal Standard

Under 28 U.S.C. § 1367(a), "federal courts [have] 'the power to exercise supplemental jurisdiction over all claims that arise out of a common nucleus of operative fact with a substantial federal claim.'" *Upper Chattahoochee Riverkeeper Fund, Inc. v. City of Atlanta*, 701 F.3d 669, 678 (11th Cir. 2012) (quoting *Tamiami Partners, Ltd. ex rel. Tamiami Dev. Corp. v. Miccosukee Tribe of Indians of Fla.*, 177 F.3d 1212, 1223 (11th Cir. 1999)).

4

Based on the allegations in a complaint, where the federal and state claims each "'involve[ ] the same facts, occurrences, witnesses, and evidence,' the case or controversy requirement of section 1367 is satisfied." *World Holdings, Ltd. Liab. Co. v. F.R.G.*, 701 F.3d 641, 651 (11th Cir. 2012) (quoting *Palmer v. Hosp. Auth. of Randolph Cty.*, 22 F.3d 1559, 1560 (11th Cir. 1994)).

If a federal court has supplemental jurisdiction to hear a related state-law claim pursuant to § 1367(a), the Court has "substantial discretion" whether to exercise its power. *Abundis v. Israel*, No. 13-62578-CIV-COHN/SELTZER, 2014 U.S. Dist. LEXIS 9555, at *2 (S.D. Fla. Jan. 27, 2014) (citing *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1088–89 (11th Cir. 2004) (per curiam)).  The Court may consider the statutory factors contained in 28 U.S.C. § 1367(c), one of which permits a district court to " 'decline to exercise supplemental jurisdiction' if the state claims 'substantially predominate[ ] over' the federal claim." *Malphurs v. Cooling Towers Sys.*, 709 F. App'x 935, 940 (11th Cir. 2017) (quoting 28 U.S.C. § 1367(c)(2)).  If one of the statutory factors applies, "courts may also consider additional factors, which include judicial economy, convenience, fairness to the parties, and whether all the claims would be expected to be tried together." *Id.* (quoting *Estate of Amergi ex rel. Amergi v. Palestinian Auth.*, 611 F.3d 1350, 1366 (11th Cir. 2010)); *Shotz v. City of Plantation*, 344 F.3d 1161, 1185 (11th

5

Cir. 2003) (stating that the Court may consider "a host of factors, . . . including the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims" (citing *City of Chi. v. Int'l Coll. of Surgeons,* 522 U.S. 156, 173 (1997)). The Court should then weigh the statutory factors and equitable considerations to determine whether it should exercise supplemental jurisdiction. *Lucero v. Trosch*, 121 F.3d 591, 598 (11th Cir. 1997) ("As a practical matter, the district court is in the best position to weigh the competing interests set forth in § 1367(c) and [equitable factors] in deciding whether it is appropriate to exercise supplemental jurisdiction. While [the circuit court] can and will review such decisions, the discretion is appropriately vested in the district court, and should be exercised by the district court in the first instance." (citing *Palmer*, 22 F.3d at 1570)).

### B. Analysis

For the purpose of the present discussion, the Court assumes *arguendo* that all of the claims in the Amended Complaint arise out of a common nucleus of operative fact, which is related to Plaintiff's FLSA claim. 28 U.S.C. § 1367(a). Thus, even assuming this Court could exercise supplemental jurisdiction over the state-law claims, the Court analyzes whether it should do so. Upon review of the Amended Complaint, it appears

that the state-law claims substantially predominate over the sole federal claim.  28 U.S.C. § 1367(c)(2).

"A federal court will find substantial predominance when it appears that a state claim constitutes the real body of a case, to which the federal claim is only an appendage." *Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 744 (11th Cir. 2006) (citation omitted).  Factors courts have considered to make this determination "include the elements required to prove each claim, the number of plaintiffs who pursue each claim, and the burden the court must shoulder in managing each claim." *Vazquez v. Joseph Cory Holdings, LLC*, No. 6:16-cv-1307-Orl-40TBS, 2017 U.S. Dist. LEXIS 29502, at *7 (M.D. Fla. Mar. 2, 2017).

To succeed on her FLSA claim, Plaintiff must show that the FLSA applied to her work for Defendants, that she was employed by Defendants for the time period involved, and that Defendants failed to pay the compensation required by law.  *See* 29 U.S.C. § 207.  However, to succeed on her state-law claims, Plaintiff will need to go beyond these showings.  To be sure, for her breach of contract claim, Plaintiff will also need to show: "(1) the existence of a contract, (2) a breach of the contract, and (3) damages resulting from the breach."  *Rollins, Inc. v. Butland*, 951 So. 2d 860, 876 (Fla. 2d DCA 2006).  Undoubtedly, these elements are foreign to Plaintiff's FLSA claim.  *See Higgins v. White Servs. Grp., Inc.*, No. 614CV472ORL18KRS, 2014 WL

7

12872798, at *3 (M.D. Fla. Apr. 17, 2014) (report and recommendation adopted, No. 614CV472ORL18KRS, 2014 WL 12872797 (M.D. Fla. May 5, 2014)) (concluding that plaintiff's breach of contract claim substantially predominated over FLSA claim in part because of disparate elements of proof).

As to Plaintiff's state-law wage claim[2], "Florida minimum wage laws and the FLSA are similar, but not identical." *Hanna v. CFL Pizza, LLC*, No. 6:11-cv-1837-Orl-22DAB, 2012 U.S. Dist. LEXIS 19315, at *8 (M.D. Fla. Jan. 27, 2012). For instance, to prevail on a state-law claim for minimum wages in Florida, a plaintiff "must first establish the same three elements required under the FLSA." *Kwasnik v. Charlee Fam. Care Servs. of Cent. Fla., Inc.*, No. 6:08-cv-926-Orl-31KRS, 2009 U.S. Dist. LEXIS 125770, at *11 (M.D. Fla. May 19, 2009). That said, Florida's wage law "also differs in significant ways

---

[2] Count II in the Amended Complaint is for unpaid wages under 448.08, Florida Statutes. (Doc. 24 at 11.) Section 448.08 provides that "[t]he court may award to the prevailing party in an action for unpaid wages costs of the action and a reasonable attorney's fee."

By its terms, Fla. Stat. 448.08 relates to an award of attorney's fees brought pursuant to another wage law; it does not create a cause of action for unpaid wages. Nevertheless, courts have construed claims for unpaid wages under § 448.08 as claims for unpaid wages under Florida common law. *Mussett v. One Touch Direct. LLC*, No. 8:15-cv-2757-T-24TBM, 2016 WL 153228 at *2 (M.D. Fla. 2016) (alleged violation of chapter 448 of the Florida statutes is construed as a common law claim for unpaid wages); *Perez v. Mediglez Wellness Ctr., Inc.*, No. 8:12-cv-2751-T-33EAJ, 2013 WL 5566183 at *4 (M.D. Fla. Oct. 8, 2013). Therefore, it is appropriate to construe the plaintiff's claim as one for unpaid wages under Florida common law.

8

from the FLSA" and contains many requirements not present in an FLSA claim. *Id.*; *Hanna*, 2012 U.S. Dist. LEXIS 19315, at *9 (listing the differences between the Florida law and the FLSA and citing cases).

"This Court has developed a 'fast track' for the resolution of FLSA claims that is highly effective and is focused on speedy resolution of an employee's demands for unpaid wages." *Rau v. Cuppa, Inc.*, No. 8:16-CV-3230-T-33JSS, 2017 WL 821872, at *2 (M.D. Fla. Mar. 2, 2017). Consequently, resolving the FLSA claim will likely be "a relatively straightforward task," as the cause of action is one which the Court handles regularly. *Vazquez*, 2017 U.S. Dist. LEXIS 29502, at *8. Conversely, wading through the state-law claims—each of which consist of separate and distinct elements of proof under Florida law—will surely be less straightforward, and many facts necessary to support those claims will be irrelevant to the FLSA claim. *Steele v. Presbyterian Ret. Cmtys., Inc.*, No. 6:17-cv-871-Orl-40KRS, 2017 U.S. Dist. LEXIS 133214, at *10 (M.D. Fla. Aug. 3, 2017) (report and recommendation adopted by 2017 U.S. Dist. LEXIS 132927 (M.D. Fla. Aug. 21, 2017)).

"Even the state wage claim—the only claim which contains overlapping elements with the FLSA claim—would require the Court to look at elements of proof unnecessary for the FLSA claim." *Optimal Logistics LLC v. AG Plus Express, LLC*, No. 618CV2224ORL41GJK, 2020 WL 13600414, at

9

\*5 (M.D. Fla. Mar. 18, 2020) (remanding state-law wage claim based on substantial predominance in consideration of the disparate elements of proof and "the burden the court must shoulder in managing [the] claim"); *Giarolo v. Goodwill Indus. of Cent. Fla., Inc.*, No. 6:14-cv-846-Orl-31KRS, 2014 U.S. Dist. LEXIS 106505, at \*16–19 (M.D. Fla. July 18, 2014) (discussing the differences between FLSA claims and Florida wage claims and declining to exercise supplemental jurisdiction over the state wage claims) (report and recommendation adopted by 2014 U.S. Dist. LEXIS 106502 (M.D. Fla. Aug. 4, 2014)) . Furthermore, the damage calculation provided by Plaintiff in the Amended Complaint for the state-law claims is more than eight times that of the FLSA claim, which further indicates that the state-law claims "constitute the real body" of this case, and the FLSA claim "is only an appendage."[3] *Parker*, 468 F.3d at 744.

The undersigned also finds that equitable considerations weigh in favor of the Court declining to exercise supplemental jurisdiction.  For example, in terms of judicial economy, a state court is better positioned to resolve the two claims asserted pursuant to Florida law.  *Jacoboni v. KPMG LLP*, 314 F. Supp. 2d 1172, 1180–81 (M.D. Fla. 2004) ("[C]onsiderations of practicality

---

[3] This amount does not include the liquidated damages request associated with the FLSA claim. (*See* Doc. 24 at 9.) However, Plaintiff lists her unpaid wage calculation as $346.00 under the FLSA in Count I and $1,434.70 under each of the state-law claims in Counts II and III. (*Id.* at 9, 15, 19.)

and comity counsel that a state judge is best equipped to adjudicate [state law] claims." (citing *Baggett v. First Nat. Bank of Gainesville*, 117 F.3d 1342, 1353 (11th Cir. 1997)). And considering the multiple foreign elements of proof necessary for Plaintiff to make out her state-law claims, trial of all three claims would likely require significantly more judicial resources than a trial of the FLSA claim alone. Moreover, Plaintiff will not be prejudiced should the Court decline to exercise jurisdiction over the state-law claims because they will be dismissed with leave to file in state court where they may be tried together. *Steele*, 2017 U.S. Dist. LEXIS 133214, at *11.

Weighing all of the applicable statutory and equitable factors, the undersigned recommends that the Court decline to exercise jurisdiction over Plaintiff's state-law claims and retain jurisdiction of only the FLSA claim. *Cruz v. Winter Garden Realty, LLC*, No. 6:12-cv-1098-Orl-22KRS, 2012 U.S. Dist. LEXIS 176734, at *7–8 (M.D. Fla. Nov. 27, 2012) (collecting cases in which district courts "have declined to exercise [supplemental] jurisdiction [where] the state law claims require different or foreign elements of proof, finding that the claims 'substantially predominate' over the claims over which the court has original jurisdiction").

### III. Motion to Dismiss

#### A. Legal Standard

To survive a motion to dismiss brought pursuant to Rule 12(b)(6) of the

11

Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A claim is plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted).

The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* "[B]are assertions" that "amount to nothing more than a 'formulaic recitation of the elements'" of a claim "are conclusory and not entitled to be assumed true." *Id.* at 680.

In evaluating the sufficiency of a complaint, a court should make reasonable inferences in plaintiff's favor, but is "not required to draw plaintiff's inference." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (internal citation and quotation marks omitted). "Similarly,

unwarranted deductions of fact in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations." *Id.* (internal citation and quotations omitted); *see also Iqbal*, 556 U.S. at 681 (stating conclusory allegations are "not entitled to be assumed true").

In determining whether to grant or deny a motion to dismiss, the Court must evaluate the complaint "on two dimensions." *Allmond v. Bank of Am.*, Case No. 3:07-cv-186-J-33JRK, 2008 WL 205320, *3 (M.D. Fla. Jan. 23, 2008). First, the Court must assess whether all the necessary elements required for recovery are addressed in the complaint. *Id.* "Second, the Court must determine whether the complaint addresses these elements with factual material sufficient to raise a right to relief beyond mere speculation." *Id.* "This material can be either direct or inferential." *Id.* at *5. "To survive a 12(b)(6) motion to dismiss, the complaint does not need detailed factual allegations, but must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Nettles v. Leesburg Police Dep't*, 415 F. App'x 116, 120 (11th Cir. 2010) (internal citations and quotation marks omitted).

Further, "the court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993). "The standard on a 12(b)(6) motion is not whether the

13

plaintiff will ultimately prevail in his or her theories, but whether the allegations are sufficient to allow the plaintiff to conduct discovery in an attempt to prove the allegations." *Birmingham Fire Ins. Co. of Penn. v. Comcar Indus., Inc.*, 551 F. Supp. 2d 1340, 1341 (M.D. Fla. 2008) (citing *Jackam v. Hosp. Corp. of Am. Mideast, Ltd.*, 800 F.2d 1577, 1579 (11th Cir. 1986)).

### B. Analysis

Under Count I, Plaintiff alleges that Defendants failed to pay her for her final week of employment during June of 2020, which violates the FLSA minimum wage provision. (Doc. 24 ¶ 33.) Defendants argue that Count I is a shotgun pleading because Plaintiff does not distinguish whether the claim is for unpaid lunch breaks or failure to pay her last paycheck. In response Plaintiff explains:

> Defendants first argue that Count I of Plaintiff's First Amended Complaint should be dismissed as an "impermissible shotgun pleading that does not distinguish which alleged FLSA infractions are being asserted by Plaintiff as part of her cause of action." The only basis for Defendants making this argument, is Plaintiff's mention of "unpaid lunch breaks" which Plaintiff is not seeking damages for in Count I. Based on this, and this alone, Defendants disingenuously argue that the sole mention of the "unpaid lunch breaks" somehow makes Count I of Plaintiff's Amended Complaint so vague and ambiguous that Defendants cannot reasonably prepare a response. This of course, is contradicted by the Defendants in their very own motion, wherein they acknowledge and argue that "Plaintiff's entire minimum wage claim is that she was not paid her last paycheck. That's it[ ]" (Defendants' Motion, DE 25, ¶4); and "[f]irst, as to the nature of the Plaintiff's $346.00 minimum wage claims. Essentially, Plaintiff claims that she was not paid her last

14

> paycheck. Defendant will dispute this, and will prove that Plaintiff's claim is not true…" (Defendants' Motion, DE 25, ¶6). Clearly, Defendants are well aware and on notice of Plaintiff's claims in Count I of Plaintiff's Amended Complaint, and inconceivably, Defendants cannot argue that somehow the claim is so vague or ambiguous that they cannot reasonably prepare a response.

(Doc 31 at 6-7.) The undersigned agrees with Plaintiff to the extent that Count I adequately places Defendants on notice of the FLSA claim and is therefore not a shotgun pleading.

The FLSA establishes minimum wage standards for employees who are "engaged in commerce or in the production of goods for commerce" or "employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. §§ 206(b), 207(b). "To trigger liability under the FLSA's minimum wage provisions, . . . [P]laintiff must show: (1) an employee-employer relationship exists between [her and Defendants], and (2) [s]he is 'covered' by the FLSA." *Cabreja v. SC Maint., Inc.*, No. 8:19-cv-296-T-33CPT, 2019 WL 2931469, at *3 (M.D. Fla. June 19, 2019) (citing *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011)) (report and recommendation adopted, 2019 WL 2929325 (M.D. Fla. July 8, 2019)). "To state a claim for failure to pay minimum (or overtime) wages under the FLSA, . . . [P]laintiff must demonstrate that (1) [s]he is employed by . . . [D]efendant[s], (2) . . . [D]efendant[s] engaged in interstate commerce, and (3) . . . [D]efendant[s] failed to pay [her] minimum . . . wages." *Freeman*

15

*v. Key Largo Volunteer Fire & Rescue Dep't, Inc.*, 494 F. App'x 940, 942 (11th Cir. 2012) (citing *Morgan v. Fam. Dollar Stores, Inc.*, 551 F.3d 1233, 1277 n.68 (11th Cir. 2008)).

The FLSA requires that an employee receive no less than a minimum rate of $7.25 per hour. *See* 29 U.S.C. § 206(a)(1)(c). Any employer who violates the FLSA's minimum wage provision is "liable to the employee . . . affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

Plaintiff's allegations sufficiently demonstrate an employee-employer relationship between herself and Defendants. Plaintiff alleges she was employed by Defendants as a dispatcher from September 9, 2020 to January 4, 2021 and from April 18, 2021 to October 1, 2021. (Doc. 24 ¶8.)

With respect to the coverage element, "a plaintiff employee must establish one of two types of coverage under the FLSA: (1) 'enterprise coverage,' which applies to the defendant employer, or (2) 'individual coverage,' which applies to the plaintiff employee." *Gaviria v. Maldonado Bros., Inc.*, No. 13-60321-CIV-ROSENBAUM/HUNT, 2014 WL 12531281, at *3 (S.D. Fla. Mar. 31, 2014) (citing *Martinez v. Palace*, 414 F. App'x 243, 244-45 (11th Cir. 2011) and *Thorne v. All Restoration Servs.*, 448 F.3d 1264, 1265-66 (11th Cir. 2006)). "An employer falls within the FLSA's enterprise

16

coverage if it meets two requirements: (1) it 'has employees engaged in commerce or in the production of goods for commerce, or ... has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person' and (2) has an 'annual gross volume of sales made or done,' " which is in excess of $500,000. *Id.* (quoting 29 U.S.C. § 203(s)(1)(A)).

In the Amended Complaint, Plaintiff adequately alleges that the corporate Defendant meets enterprise coverage because it had annual gross revenue that totaled $500,000 or more and was engaged in interstate commerce within the meaning of the FLSA, since it had more than two employees that "recurrently engaged in commerce or the production of goods or services for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions." (Doc. 24 ¶ 24.) Accepting these allegations as true, the undersigned finds Plaintiff sufficiently demonstrated enterprise coverage.[4]

---

[4] Plaintiff also alleges that Plaintiff was an individual covered by the FLSA throughout the relevant period. (Doc. 24 ¶ 25.) However, the Court need not address whether Plaintiff's allegations are sufficient to establish individual coverage given that the allegations establish enterprise coverage sufficiently. *See Rivera v. Golfview Golf & Racquet Club Cmty. Ass'n, Inc.*, No. 214CV718FTM38DNF, 2015 WL 12861168, at *3 (M.D. Fla. Mar. 12, 2015)

*Hollingsworth v. Hemani Holdings LLC*, No. 619CV199ORL22LRH, 2019 WL 11499493, at *5 (M.D. Fla. Oct. 29, 2019) (report and recommendation adopted, No. 619CV199ORL22LRH, 2019 WL 11499489 (M.D. Fla. Nov. 13, 2019)) (finding Plaintiff established enterprise coverage where he alleged Defendant grossed more than $500,000 and "ha[d] more than two employees recurrently engaged in commerce or in the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions."); *see also Ceant v. Aventura Limousine & Transp. Serv., Inc.*, 874 F. Supp. 2d 1373, 1378 (S.D. Fla. 2012) ("[T]o properly allege . . . enterprise coverage, [the plaintiff] need not do much. Aside from stating the nature of [her] work and the nature of [her employer's] business, [she] must provide only straightforward allegations connecting that work to interstate commerce.") (collecting cases)[5].

Furthermore, to support her FLSA minimum wage claim, Plaintiff alleges that Defendants failed to pay her minimum wages.  (Doc. 24 ¶¶ 33-34.)  Namely, Plaintiff specifically alleges Defendants failed to pay Plaintiff

---

[5] *See Kinzer v. Stelling*, 2012 WL 1405694, at *2–*3 (M.D.Fla. Mar. 28, 2012); *Gonzalez v. Unidad of Miami Beach, Inc.*, 2011 WL 2983671, at *2 (S.D.Fla. July 22, 2011); *Schlinsky v. Action Video Prods., Inc.*, 2010 WL 227910, at *2 (S.D.Fla. Jan. 13, 2010); *Roberts v. Caballero & Castellanos, PL*, 2010 WL 114001, at *3 (S.D.Fla. Jan. 11, 2010).

18

for her final week of work in June 2020. (*Id.*) Although Plaintiff did mention unpaid lunch breaks in the Amended Complaint, clearly Plaintiff is alleging that Defendants failed to provide Plaintiff her last paycheck. Therefore, Plaintiff has satisfied the pertinent pleading standards and provided Defendants and the Court with adequate notice of her FLSA claim. Accordingly, the undersigned recommends that the Court find that the Defendants' Motion be denied to the extent it seeks to dismiss Count I on the grounds that it is a shotgun pleading.

Accordingly, it is **RECOMMENDED:**

1. Defendants' Motion **(Doc. 25)** be **GRANTED in PART and DENIED in PART.**

2. The Court decline to exercise supplemental jurisdiction over Counts II and III of Plaintiff's Amended Complaint.

3. Counts II and III be **DISMISSED** with leave to refile in state court within the time permitted by 28 U.S.C. § 1367.

**DONE AND ENTERED** at Jacksonville, Florida, on December 28, 2023.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

The Hon. Marcia Morales Howard
U.S. District Judge

Counsel of Record