**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

QUANTISHA ONEAL,
and other similarly situated
individuals,

      Plaintiff,

v.                                                                    Case No. 3:22-cv-10-MMH-MCR

PROTECTIVE ENTERPRISES
PUBLIC SAFETY, LLC, and
MARCUS D. WILLIAMS,

      Defendants.

_____

**O R D E R**

**THIS CAUSE** is before the Court on the Report and Recommendation (Dkt. No. 54; Report), entered by the Honorable Monte C. Richardson, United States Magistrate Judge, on December 28, 2023. In the Report, Judge Richardson recommends that Defendants' Motion to Dismiss Plaintiff's First Amended Complaint (Dkt. No. 25; Motion) be granted in part and denied in part; the Court decline to exercise supplemental jurisdiction over Counts II and III of Plaintiff's Amended Complaint; and Counts II and III be dismissed with leave to refile in state court. See Report at 1, 19. No objections to the Report have been filed, and the time for doing so has now passed.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). Pursuant to Rule 72, Federal Rules of Civil Procedure (Rule(s)), the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." See Rule 72(b)(3); see also 28 U.S.C. § 636(b)(1). However, a party waives the right to challenge on appeal any unobjected-to factual and legal conclusions. See 11th Cir. R. 3-1.[1] As such, the Court reviews those portions of the Magistrate Judge's findings to which no objection was filed for plain error and only if necessary, in the interests of justice. See id.; see also Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge's] factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."); Dupree v. Warden, 715 F.3d 1295, 1304-05 (11th Cir. 2013) (recommending the adoption of what would become 11th Circuit Rule 3-1 so that district courts do not have "to spend significant amounts of time and resources reviewing every issue—whether objected to or not.").

---

[1] The Magistrate Judge properly informed the parties of the time period for objecting and the consequences of failing to do so. See Report at 1.

Upon independent review of the file and in the absence of any objection by Plaintiff, the Court will accept and adopt the Magistrate Judge's recommended resolution of the Motion. Accordingly, it is hereby

**ORDERED:**

1. The Magistrate Judge's recommended resolution set forth in the Report and Recommendation (Dkt. No. 54) is **ADOPTED**.

2. Defendants' Motion to Dismiss Plaintiff's First Amended Complaint (Dkt. No. 25) is **GRANTED in part and DENIED in part**.

3. The Motion is **GRANTED** to the extent that the Court declines to exercise supplemental jurisdiction over Counts II and III of Plaintiff's Amended Complaint and those counts are **DISMISSED without prejudice** to filing in state court.

4. Otherwise, the Motion is **DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida, this 23rd day of January, 2024.

**MARCIA MORALES HOWARD**
United States District Judge

ja

Copies to:

Counsel of Record